UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERNANDO FRANCISCO
AGUIRRE-URBINA,

          Petitioner,

  v.

BRYAN S. WILCOX, et al.,

          Respondents.

C18-1743 TSZ

ORDER

THIS MATTER comes before the Court on a Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, Chief United States Magistrate Judge, docket no. 10. Having reviewed the R&R, the objections thereto, docket no. 11, and the reply to the objections, docket no. 12, the Court enters the following order.

**<u>Discussion</u>**

Petitioner Fernando Francisco Aguirre-Urbina has been in federal custody since September 6, 2012, awaiting final decisions in his removal proceedings and concerning his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The R&R recommends granting the Government's motion to dismiss his petition for writ of habeas corpus brought under 28 U.S.C. § 2241 on the

ORDER - 1

grounds that petitioner has received constitutionally adequate bond hearings and his detention has not become unreasonable or indefinite. After the R&R was issued, the United States Court of Appeals for the Ninth Circuit granted a petition for review and remanded to the Board of Immigration Appeals ("BIA") the issues of (i) whether petitioner has shown he is more likely than not to be tortured if returned to Mexico, and (ii) whether, despite petitioner's convictions for drug offenses, his mental health status would render him eligible for withholding of removal. *See Aguirre-Urbina v. Barr*, Case No. 17-72602, Mem. Op. at 2-3 (9th Cir. Mar. 26, 2019), Ex. to Thorward Decl. (docket no. 11-2). In light of the Ninth Circuit's decision, the Court is not persuaded that the Immigration Judge's finding of petitioner's current dangerousness was supported by clear and convincing evidence, and concludes that petitioner is entitled to another bond hearing. *See Calderon-Rodriguez v. Wilcox*, --- F. Supp. 3d ---, 2019 WL 486409 (W.D. Wash. Feb. 7, 2019).

To detain an alien for a prolonged period while removal proceedings are pending, due process requires that the Government show by clear and convincing evidence that, at the time of the bond hearing, the detainee presents either a flight risk or a danger to the community. *Id.* (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)). In this matter, the Immigration Judge ruled that petitioner did not pose a flight risk, but found that petitioner is a "continued danger" based on his 2012 convictions for delivery of, and possession with intent to deliver, methamphetamine, which the Immigration Judge characterized as a "scourge on the community," as well as the fact that petitioner was on bond when he committed those crimes. Tr. at 19 (June 7, 2017), Ex. to Response (docket

no. 8-2). As observed by other courts, however, "evidence of criminal conduct grows less powerful as it becomes less current," *Calderon-Rodriguez*, 2019 WL 486409 (quoting *Ramos v. Sessions*, 293 F. Supp. 3d 1021, 1034 (N.D. Cal. 2018)), and petitioner's convictions are over seven years old.

In *Ramos*, which is currently before the Ninth Circuit, the district court concluded that an immigration judge's factual findings should be reviewed only for clear error and that the issue of whether the record establishes clearly and convincingly that the detainee presently poses either a flight risk or a danger to the community should be decided de novo. 293 F. Supp. 3d at 1032-33. This standard was adopted in *Calderon-Rodriguez*, and the R&R in this matter also applied it. Under this standard, the Court declines to adopt the R&R's recommendation to dismiss the habeas petition.

As acknowledged in the R&R, petitioner's 6½-year immigration detention has far exceeded the one-year-plus-one-day sentence imposed for his drug offenses,[1] and the Government has produced no evidence to contradict petitioner's assertion of sobriety and

---

[1] The R&R indicates that petitioner faced 8-to-12 years in prison if convicted at trial instead of entering into a plea bargain. The R&R appears to rely on petitioner's recollection of the threat made by the prosecutor concerning a possible sentence recommendation if petitioner did not accept the plea deal. *See* Aguirre-Urbina Decl. at ¶ 8 (docket no. 8-1). In the same declaration, petitioner recites that he was "charged with" delivery of methamphetamine and possession with intent to deliver both methamphetamine and marijuana, which are the same offenses to which he pleaded guilty. *Id.* at ¶ 7. Absent additional charges, the Washington Drug Offense Sentencing Grid would not have supported a term of imprisonment in the 8-to-12 year range; petitioner's standard range for the crimes with which he was charged and to which he pleaded guilty was only 12 months and one day to 20 months. *See* RCW 9.94A.517 (effective until June 30, 2013); *see also* RCW 9.94A.518 (drug offense seriousness levels); RCW 9.94A.525 (offender score). The Court declines to consider speculation about the possible sentencing consequences of proceeding to trial.

ORDER - 3

lack of disciplinary issues during the time he has spent in custody at the Northwest Detention Center. <u>See</u> Tr. at 7-11 & 17-19 (June 7, 2017), Ex. to Response (docket no. 8-2). Petitioner has been adjudged incompetent to represent himself, and the Ninth Circuit has concluded that petitioner's mental health status might provide him an avenue for relief notwithstanding his drug convictions. In denying petitioner's request for bond, the Immigration Judge did not explicitly consider petitioner's abstinence, his exemplary behavior while a detainee, his mental health status, or any alternatives to detention that would sufficiently protect the community from any danger posed by petitioner, for example, mandatory counseling, electronic monitoring, and/or reporting requirements. <u>See Ramos</u>, 293 F. Supp. 3d at 1037-38. Upon de novo review, the record before the Court does not support a conclusion that, at the time of the most recent bond hearing, clear and convincing evidence established petitioner's present dangerousness. Moreover, in light of the Ninth Circuit's decision to remand the removal proceedings to the BIA, to consider "all relevant evidence" relating to petitioner's CAT claim and to make the "particularly serious crime determination" in light of petitioner's mental health, petitioner should have another opportunity to request bond. <u>See</u> 8 C.F.R. § 1003.19(e) (permitting bond redetermination "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination").

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1) The R&R, docket no. 10, is REJECTED, and the Government's motion, docket no. 5, to dismiss the habeas petition is DENIED;

(2)     The Government is DIRECTED to show cause within fourteen (14) days of the date of this Order why the Court should not grant in part the habeas petition and direct that the Government release petitioner on appropriate conditions unless, at a new bonding hearing held within a specified period, the Government presents clear and convincing evidence that petitioner presents a ***current*** danger to the community, <u>see</u> <u>Calderon-Rodriguez</u>, 2019 WL 486409 at *1; and

(3)     The Clerk is directed to send a copy of this Order to all counsel of record and to Chief Magistrate Judge Tsuchida.

IT IS SO ORDERED.

Dated this 17th day of May, 2019.

_____
Thomas S. Zilly
United States District Judge